**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

   **-vs-**                                                                                  **04-CR-494**

**PHILIP VANRIPER,**
                                   **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

On February 23, 2005, Defendant Philip VanRiper pleaded guilty to one count of filing false tax returns. Defendant was sentenced to a term of 6 months of home detention and 3 years of probation. A Judgment of Conviction was filed on October 11, 2005. No direct appeal was taken from the conviction or sentence.

By letter dated March 2, 2006, Defendant filed a letter application for re-sentencing on the grounds that: (1) the amount of the tax loss has now been computed to be less than $40,000, whereas it was previously believed to be approximately $43,000, which Defendant contends would lower his offense category by one level; and (2) he has since been disbarred from the practice of law and that he did not anticipate such a result from entering his guilty plea. Defendant writes that "[i]n light of the reduced offense level and me losing the ability to practice a career that I

1

had been in for approximately 30 years I respectfully request that you consider re-sentencing me to in-home detention for the time that I have served."

The legal basis of Defendant's motion is unclear. To the extent he moves pursuant to Rule 35(a), the motion is untimely and there was no clear error. The Court finds no other bases for reconsidering the sentence under Rule 35(b). To the extent Defendant claims that his sentence is unlawful in that he was subjected to the wrong offense level under the guidelines, it appears that Defendant's motion should be considered as made under 28 U.S.C. § 2255 because of the nature of the relief sought. See 28 U.S.C. § 2255 (allowing claims that assert that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.").

Courts regularly convert inartfully drafted *pro se* post-conviction motions into Section 2255 motions. See James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002); Jiminian v. Nash, 245 F.3d 144, 148 (2d Cir. 2001); Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997). "[W]hen a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion[,] ... the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any

subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it . . . ." Castro v. United States, 124 S. Ct. 786, 792 (2003); Adams, 155 F.3d at 584 (same).

The Second Circuit has stated that:

In *Adams* we noted that the [Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")] "places stringent limits on a prisoner's ability to bring a second or successive" § 2255 motion. 155 F.3d at 583. In view of this, we reasoned that if a district court treats a motion filed under some other provision as a § 2255 motion, then the movant's one chance at § 2255 relief would be used up--without the movant's consent and despite the movant's possible ignorance of the consequences. "Thus a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated." *Id.* With this in mind, we determined that district courts should not convert motions "purportedly made under some other rule" into § 2255 motions unless

> "(a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." *Id.* at 584.

Simmon v. United States, 359 F.3d 139, 141 (2d Cir. 2004).

In this case, the Court intends to convert the instant motion into a Section 2255 motion unless, within 30 days of the date of this Decision and Order, Defendant voluntarily withdraws his

3

motion. If Defendant does not wish to withdraw his motion and instead desires to have the Court consider the motion under Section 2255, Defendant may, within thirty (30) days of the date of this Decision and Order, amend and/or supplement his motion.

In determining whether to withdraw, amend, and/or supplement his motion, Defendant should be aware that:

> (A) A person is generally afforded only one Section 2255 motion unless the second motion involves newly discovered evidence of a potentially dispositive nature, or a new and retroactive rule of constitutional law. See 28 U.S.C. §§ 2255, 2244(b). Thus, all potential claims must generally be included in the initial Section 2255 motion;
>
> (B) A section 2255 motion filed after April 24, 1996[1] is subject to a one year period of limitation which runs from the latest of four specified events laid out in § 2255. See 28 U.S.C. § 2255;[2] Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998)(One of the purposes of the AEDPA was to create a statute of limitations for the "... filing of petitions for writs of habeas corpus and motions to vacate federal sentences."). Further, a "§ 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes." Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003);

---

[1] The AEDPA became effective on April 24, 1996.

[2] These are:

(1) the date on which the judgment becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

(C) The failure to raise an issue on direct appeal may present a procedural bar to raising an issue in a Section 2255 motion. See Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998)("Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence.")(citing Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993)); Bousley v. United States, 523 U.S. 614, 622 (1998); but see Massaro v. United States, --- U.S. ----, 123 S.Ct. 1690, 1696 (2003)(A Section 2255 ineffective assistance of counsel claim is not barred even if not raised on direct appeal). Further, "a determination in a first § 2255 petition that the claims raised were unexhausted *and* procedurally defaulted 'qualifies as an adjudication on the merits.'" Villanueva, 346 F.3d at 60 (quoting Turner v. Artuz, 262 F.3d 118, 122-23 (2d Cir.)(*per curiam*), cert. denied, 534 U.S. 1031 (2001))(emphasis in original). Thus, Defendant should advise the Court of a justifiable basis to consider claims that were not raised on direct appeal.

## IV.  CONCLUSION

Defendant is granted thirty (30) days to withdraw, amend, and/or supplement the motion. Failure to withdraw the motion within this period of time will result in it being converted to a 28 U.S.C. § 2255 motion without further notice. Failure to amend and/or supplement the motion within this period of time will result in it being considered based upon the present submissions. The Government is granted sixty (60) days from the date of this Decision and Order to file supplemental papers in opposition to the motion and/or any amendment or supplementation of the motion.

**IT IS SO ORDERED**

DATED: March 14, 2006

*[signature]*
Thomas J. McAvoy
Senior, U.S. District Judge

5